MILLER v. CHICAGO & A. R. CO.

(Circuit Court, S. D. New York. May 5, 1909.)

RAILROADS (§ 144*)—CONSOLIDATION—ORIGINAL STOCKHOLDERS—RIGHTS.

Where a railroad consolidation agreement provided for an exchange of the stock of a consolidated company for the stock of one of the constituent companies at the rate of two for one, and provided that any stockholder declining to exchange should continue to have the right to share proportionately in the earnings and assets of the party of the first part (the consolidated corporation), a stockholder declining to exchange was entitled to have the books of the consolidated company so kept as to show at all times the earnings of that part of the consolidated property which represented the portion contributed by such stockholder's company, and to have money paid out of surplus earnings of such company to the benefit of other property either returned to such surplus or his share thereof distributed to him.

[Ed. Note.— For other cases, see Railroads, Cent. Dig. §§ 451–455; Dec. Dig. § 144.*

Rights and liabilities of stockholders of railroads on consolidation, see note to Bonner v. Terre Haute & I. R. Co., 81 C. C. A. 480.]

In Equity. On demurrer to a stockholder's bill. Overruled with leave to answer.

Philbin, Buhman & Menhen, for complainant.
Joline, Larkin & Rathbone, for defendant.

LACOMBE, Circuit Judge. The original Chicago & Alton Railroad Company, called "the old Alton Railroad," was in 1906 consolidated with the Chicago & Alton Railway Company, called "the Alton Railway," thus forming the defendant, the Chicago & Alton Railroad Company. Complainant is the owner of 500 shares of stock of the old Alton Railroad. He brings this suit as such stockholder, asking for an injunction and for other relief, including a discovery and an accounting.

The argument dealt with matters which it is not necessary to rehearse and with authorities which there is no need to apply. The suit is not brought to set aside the consolidation, nor to set aside the proceedings which led up to the consolidation. The details of the ingenious scheme by which, in conformity with the provisions of law and statute, results peculiarly beneficial to the schemers were brought about, are not material. They are not even of importance as giving "atmosphere" to the cause. Complainant's rights need not be worked out by the careful application of equitable principles enunciated for the purposes of protecting unfortunate shareholders who were not otherwise protected. His rights are secured by a written document (the articles of consolidation) which expresses just what he shall have in language too plain to be misunderstood, and which it is the duty of the defendant to carry out. Suffice it to say that at the time of consolidation the Alton Railway was complainant's fellow stockholder, owning 183,164 out of 187,511 shares of common stock of the old Alton road, which last-named road operated over 800 miles of railroad

in the state of Illinois and was highly prosperous, making net earnings of many millions of dollars during the six years prior to consolidation. The Alton Railway owned a short line of road, made net earnings of a few hundred thousand dollars during the same period, and was heavily in debt on bonds then outstanding. Presumably with the intention of securing minority stockholders in the prosperous company against loss through the consolidation, that agreement provided that they might exchange their shares in the old road for double the amount of shares in a stock issue of the new company known as "4 per cent. prior lien and participating," which had certain preferences in the distribution of profits. In the event, however, of any stockholder declining to avail of this option, it was further provided that:

"Every holder of any such unexchanged share of stock of the party of the first part [the old road] shall continue to have the right to share proportionately in the earnings and assets of the party of the first part."

It is to obtain the rights secured by this provision that this bill is filed. In view of the specific and unambiguous language above quoted, it seems manifest that complainant is entitled to have the books of the new company so kept as to show at all times what are the earnings of that part of the consolidated property which represents the portion contributed by the old company. In the net earnings of that portion the complainant is entitled, proportionately to his holding, to participate. Ordinarily courts will not interfere to require dividends to be declared out of net earnings; but complainant contends that this case can be differentiated by reason of the circumstance that the consolidated road has expended surplus earnings of the old road's property on property of the Alton Railway and on new property of the consolidated railroad, and in discharging obligations which the "party of the first part" was under no obligation to pay. How much of this complainant may be able to prove is a matter to be hereafter determined; but, if such proof can be made, it will certainly entitle the complainant either to require the trustee under this agreement (the consolidated road) to get back the moneys thus diverted and restore them to the surplus profits, or to distribute to complainant his share of the surplus profits of the "party of the first part" in proper proportion.

I do not think there is any estoppel arising out of the receipt of the two sums of $2,000. The averments of the bill show that no one was misled thereby. Nor do the facts and circumstances as set forth in the bill sustain any defense on the ground of laches.

The demurrer is overruled, with leave to answer in 20 days.