MILLER v. CHICAGO & A. R. CO.

CHICAGO & A. R. CO. v. MILLER.

(Circuit Court, S. D. New York. December 8, 1909.)

1. CORPORATIONS (§ 591*)—CONSOLIDATION—RIGHTS OF NONASSENTING STOCK-HOLDERS.

Allegations that a stockholder in a railroad company purchased the share of an issue of bonds by the company allotted to his stock, that he acquiesced in and accepted a special dividend and also assented to a lease of all the company's property to another company, and that such acts were all done with a view to the consolidation of the two companies and with the stockholders' knowledge and consent, are not sufficient to charge him with knowledge of such purpose to consolidate, or with consenting thereto, which would entitle the company to a decree requiring him to surrender his stock in exchange for stock in the new company.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 591.*

Rights and liabilities of stockholders of railroads on consolidation, see note to Bonner v. Terre Haute & I. R. Co., 81 C. C. A. 480.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 591*) — SUIT BY STOCKHOLDER AGAINST CORPORATION — PLEADING.

Exceptions to the answer to a bill filed by a stockholder against the corporation considered.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 591.*]

In Equity. Suit by William Starr Miller against the Chicago & Alton Railroad Company. On demurrer to cross-bill and exceptions to answer to original bill. Demurrer sustained, and exceptions sustained in part.

Philbin, Beekman & Menken, for complainant.

Joline, Larkin & Rathbone, for defendant.

LACOMBE, Circuit Judge. A demurrer to the original bill was heretofore considered by this court and overruled. 171 Fed. 253. The facts will be found sufficiently stated in that opinion. The cross-bill is brought to compel plaintiff to give up his shares of stock in the old Alton Railroad for stock of the Consolidated Railroad as and on the terms provided in the agreement of consolidation, upon the theory that the complainant assented to, approved, and participated in said consolidation.

The facts upon which cross-complainant undertakes to establish such assent and participation are these: (A) In 1899, more than six years before consolidation and a year before the Alton Railway was incorporated, the old Alton Railroad issued $40,000,000 mortgage bonds, to which its stockholders were given the right to subscribe on favorable terms. Miller approved and consented to this issue, and subscribed for and purchased his ratable share of said bonds. (B) In the year 1900 the old Alton Railroad duly declared and paid a special dividend of 30 per cent. on its stock. Miller approved and consented to said dividend and received his ratable share thereof. (C) On April 3, 1900, the old Alton Railroad duly leased all its property to the Alton Railway for a rental amounting to the entire net earnings of the property demised. Miller consented to and ratified such lease and has accepted dividends arising from and in accordance with the terms of the lease.

The cross-bill avers that these three transactions were "each and all done with the purpose of effectuating and as a means of effectuating the consolidation of the old Alton Railroad and the Alton Railway herein described. On information and belief, each of said steps was taken with the knowledge and consent of the respondent and participated in by him." It will be observed that the pleader does not assert, even on information and belief, that Miller himself had any "purpose of effectuating consolidation," or even any knowledge that such was the purpose of the individuals who caused these preliminary steps to be taken. In a subsequent paragraph (14) the cross-bill alleges that "respondent assented to, approved, and participated in said consolidation"; but this allegation is qualified in the same paragraph by the allegation "that by all and singular the acts of acquiescence, ratification, and consent heretofore alleged, and by other and divers acts, the

respondent herein consented, agreed, and became in duty bound under said articles of consolidation to exchange his said shares of stock in the manner therein provided for such exchange."

On the argument the court was inclined to the opinion that the phrase "other and divers acts" was sufficiently broad to sustain an allegation of full knowledge and acquiescence; but it is now thought that these words must be construed to mean only "acts" similar to those already enumerated. So we are brought merely to A, B, and C, with no averment that Miller ever contemplated or sought to effectuate consolidation, or had the remotest idea that such was the purpose of those who were the controlling spirits in these transactions.

The facts averred are not sufficient to warrant the relief prayed in the cross-bill. As to the suggestion that having purchased stock in a corporation which might, under the statutes of the state which created it, consolidate with another, if two-thirds of the stockholders voted so to do, it is sufficient to refer to the articles of consolidation, which expressly provide for those who are unwilling to surrender their stock in the old company. The views expressed in the former opinion have not been modified by the subsequent argument of this demurrer to the cross-bill.

The demurrer is sustained, and cross-bill dismissed.

### Exceptions to Answer to Original Bill.

Certain averments are made in the bill as to the earnings of the Alton Railway lines and the disposition made of income derived by the said railway from stock of the old Alton. The answer asserts these allegations to be immaterial, and for that reason fails to admit or deny them. It is by no means certain that, even if the suit is maintained solely on the terms of the consolidation agreement, the facts as to these matters may not be helpful towards a construction of that contract. The first four exceptions for insufficiency are therefore sustained, and defendant should admit or deny the averments.

The fifth exception is also well-founded. If defendant's books are so kept that it is not possible to determine readily without a long accounting whether or not earnings derived from properties and franchises of the old Alton have been applied to the payment of charges against the properties of the Alton Railway, etc., that fact should be asserted, and will excuse answering the averments of the bill in that regard. But if defendant knows the fact to be as charged, or knows that it is not as charged, the allegations of the bill in that regard should be admitted or denied.

The sixth exception is overruled. The averments criticised seem to state the facts sufficiently to define the issues. It is overruled, and so is the seventh.

The remaining exceptions are to the answers to some of the interrogatories annexed to the bill. Generally speaking, these ask for much fuller details than the complainant is now entitled to have. To answer them would apparently require a long accounting, such as would ensue upon a decree for complainant on the merits.

The ninth exception is overruled, and so is the twelfth. Answer to the latter will be unnecessary after defendant has amended its answer

so as to meet the first four exceptions. The thirteenth and fourteenth exceptions are also overruled.

The seventeenth exception is sustained. Manifestly the interrogatory is not answered fully, and no sufficient reason is shown for not answering it.

The eighteenth, nineteenth, and twentieth exceptions are overruled. The answers to interrogatories 9, 10, and 11 give the information in sufficient detail for the purposes of the trial.

It would seem that the so-called separate defense is not the subject of exception. The three which have been taken thereto are overruled.