## MILLER v. CHICAGO & A. R. CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

### No. 142.

RAILROADS (§ 144*)—CONSOLIDATION—RIGHTS OF STOCKHOLDERS.

Where a railroad consolidation agreement provided that, until all of certain stock of one of the consolidated companies outstanding shall have been exchanged for stock in the consolidated company, every holder of such unexchanged stock shall be entitled to share proportionately in the earnings and assets of the consolidated company, as if there had been no consolidation, etc., and it thereafter appeared that the earnings of such initial road had been used to pay dividends to stockholders of the consolidated company, as against complainant, who had not exchanged his shares, complainant was entitled to an accounting, and it was error to compel him to elect either to take a decree against the consolidated company for dividends or suffer a dismissal of his bill.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 392, 393, 451–455; Dec. Dig. § 144.*

Rights and liabilities of stockholders of railroads on consolidation, see note to Bonner v. Terre Haute & I. R. Co., 81 C. C. A. 480.]

Appeal from the District Court of the United States for the Southern District of New York; George C. Holt, Judge.

Suit by William Starr Miller against the Chicago & Alton Railroad Company. From a decree dismissing the bill (198 Fed. 695), complainant appeals. Reversed, with directions.

Philbin, Beekman, Menken & Griscom, of New York City (C. K. Beekman and S. P. Anderton, both of New York City, of counsel), for appellant.

Joline, Larkin & Rathbone, of New York City (A. Stickney and A. H. Van Brunt, both of New York City, of counsel), for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. This bill is filed by a minority stockholder of the old Alton Railroad on behalf of himself and of all other stockholders similarly situated. The cause has been so often before the courts that it will be unnecessary to repeat the facts out of which it arises. A demurrer to the bill was overruled. (C. C.) 171 Fed. 253. A demurrer to a cross-bill was sustained. (C. C.) 176 Fed. 379, affirmed 193 Fed. 41, 113 C. C. A. 113. The appeal now to be considered is from the final decree of the District Court.

This decree gave the complainant an election either to take a decree against the defendant for the amount of dividends theretofore tendered to him by it, without interest, or for dividends as computed by one Benson, the defendant's comptroller, with interest, and, in case he refused to elect, the bill to be dismissed, and in any event the defendant to have costs. The complainant having refused to elect, the bill was dismissed, with costs. We do not think the court could put the complainant to this election. The decree should have been either

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in his favor, and for an accounting, or against him, dismissing the bill. The opinion of the District Judge is reported in 198 Fed. 695.

The question is whether the complainant can enforce the stipulation contained in article 4 of articles made in 1906 consolidating the old Alton Railroad, of which he is a stockholder, and the old Alton Railway, into the present defendant, the Chicago & Alton Railroad Company. Article 4 reads as follows:

"Article 4. Until all of the 73 shares of preferred stock and 4,387 shares of common stock of the party of the first part, not now owned by the party of the second part, shall have been exchanged for prior lien stock of the consolidated company as herein provided, every holder of any such unexchanged share of such preferred stock or of such common stock of the party of the first part shall continue to have the right to share proportionately in accordance with the existing respective rights of said two classes of stock, in the earnings and assets of the party of the first part hereby consolidated and merged into the party of the second part as if the said consolidation and merger had not taken place and the entire capital stock of the party of the first part, now consisting of 34,795 shares of preferred stock and 187,511 shares of common stock were still outstanding."

The bill prays that the defendant may be declared to hold the property of the old Alton Railroad as trustee to protect the complainant's rights; that the defendant may be enjoined from applying any earnings of that road, to which he may be entitled as a stockholder of it, upon the property of the old Alton Railway, or for the benefit of its stockholders; and that the defendant be required to keep accounts showing the business and earnings of the old Alton Railroad separately.

The District Judge held, first, that the complainant's right as a stockholder in the old Alton Railroad was to receive such dividends as the directors of that road should declare, and that after consolidation his right is to receive such dividends as the directors of the consolidated road shall declare; second, that it would be impossible to keep separate accounts of the two original properties while they are being operated as one road; third, that the attitude of the complainant is unreasonable, and that a court of equity will not specifically enforce a contract which will result in much greater trouble and expense to the defendant than benefit to the complainant.

We do not think the complainant asks for the specific performance of any contract. The contract which resulted in the consolidation was between the old Alton Railroad and the old Alton Railway, both of which corporations have ceased to exist. The effect of the articles of consolidation was to vest the title to the two properties in the present defendant, but subject to the express trust which it assumed in favor of the stockholders of the old Alton Railroad who did not exchange their stock for stock of the consolidated company. The complainant made no contract with the defendant. What he seeks is to enforce this trust in favor of himself and of all other stockholders of the old Alton road in a similar position.

Nor is the complainant seeking to recover dividends from the defendant. He is not a stockholder of the consolidated company. He asks such an accounting as will effectuate the stipulations of article 4 of the articles of consolidation. We think that the consolidated

company is bound to operate the whole property, just as if there had been no consolidation, until all the outstanding stock of the old Alton road has been exchanged for prior lien stock of the consolidated company. The bill charges that earnings of the old Alton Railroad have been applied for the benefit of the old Alton Railway property, and in payments of dividends upon stock of the consolidated company exchanged for stock of the old Alton Railway. This is admitted in answer to interrogatories annexed to this bill. It is also admitted that the defendant's accounts do not show separate earnings of the old Alton Railroad. The complainant is therefore entitled to an interlocutory decree for an accounting. It may be that the books of the consolidated company cannot be kept entirely separate as to both properties, and that an accounting cannot be stated in all its details, just as if the properties were being separately operated. Still the books of the company must be kept on the theory that the properties are separate, so far as it is possible, and an account must be so stated as nearly as possible.

The compilation made by the defendant's comptroller of the dividends which the complainant was entitled to receive showed a larger amount due him than had been tendered. Besides, it was premature, and not binding upon him. We feel obliged to enforce the trust in the shape it was deliberately assumed by the defendant.

The decree is reversed, and the court below directed to enter an interlocutory decree sustaining the bill and ordering an accounting.